UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



CHRISTOPHER A. LUNCEFORD,

     Petitioner,

                                  ACTION NO. 2:13cv235

     v.                     [ORIGINAL CRIMINAL NO. 2:02cr149]

UNITED STATES OF AMERICA,

     Respondent.

## FINAL MEMORANDUM ORDER

This matter comes before the court on the Petitioner's <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion"), filed on April 24, 2013. Therein, the Petitioner makes, in essence, a single ineffective assistance of counsel claim that his attorney, Richard H. Doummar, erroneously advised him to stipulate to a Class A violation, Possession with the Intent to Distribute Cocaine, at his supervised release violation hearing on August 3, 2012. Mot. at 1. For the reasons stated herein, the Motion is **DENIED**.

On May 2, 2013, the court ordered the United States to file responsive pleadings to the Petitioner's Motion. The United States responded on August 6, 2013, to which the Petitioner did not reply. Thereafter, the court ordered Mr. Doummar to file an affidavit responsive to the allegations in the Petitioner's

Motion. On September 27, 2013, Mr. Doummar filed an affidavit,[1] to which the Petitioner responded, filing an accompanying affidavit in support on October 15, 2013.[2]

## I. Background and Procedural History

On January 3, 2003, the Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base (Count 5), in violation of 21 U.S.C. § 846, and Felon in Possession of a Firearm (Count 8), in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The court sentenced the Petitioner on April 1, 2002, to two-hundred ten months and a five year term of supervised release on Count 5, and one hundred twenty months and a three year term of supervised release on Count 8, all to be served concurrently. Two years later, pursuant to the United States' motion under Federal Rule of Criminal Procedure 35, the court reduced the Petitioner's sentence, leaving all other aspects of the judgment in full force and effect. During his term of incarceration, the Petitioner did not move for and did not receive a sentence

---

[1] The affidavit was filed subject to defect because Mr. Doummar did not provide a certificate of service on the United States and the Petitioner. Mr. Doummar corrected this defect on September 30, 2013.

[2] The Petitioner certifies that he mailed the response on October 10, 2013, which, in accordance with the Order of September 10, 2013, is within fourteen days of when Mr. Doummar certifies he served his affidavit on the Petitioner.

reduction under 18 U.S.C. § 3582. On June 2, 2010, the Petitioner began his term of supervised release.

Less than a year later, the United States Probation Officer filed a Petition alleging numerous violations of supervised release, including: (1) a conviction for Driving While Under the Influence of Alcohol; (2) a reckless driving charge, which was reduced to speeding; (3) failure to submit a monthly supervision report; (4) failure to follow the instructions of the probation officer for a Drunk in Public conviction, Driving without a Safety Belt, and Speeding; (5) and failure to timely notify the probation officer of another arrest for Drunk in Public. On June 1, 2011, this court held a supervised release violation ("SRV") hearing, at which the Petitioner stipulated to all the violations in the Petition. The court found that the Petitioner had violated the terms of supervised release, but continued disposition pending any further violations. See Order, June 1, 2011.

Within weeks, the Petitioner was before the court again on additional violations of supervised release. The Addendum, filed July 8, 2011, stated the Petitioner was charged with Possession with Intent to Distribute Cocaine in Portsmouth, Virginia, and alleged a positive drug test for marijuana. The Addendum stated the Petitioner conspired with his wife to possess with the

3

intent to distribute fifty-six grams of cocaine, and that a digital scale and $4,600 was retrieved from their residence. In the interim period in which the drug charge, which is central to the Petitioner's instant habeas petition, was awaiting final disposition in state court,[3] the Petitioner amassed numerous other violations of supervised release, including (1) eight violations of curfew while on bond; (2) a second Driving While Under the Influence of Alcohol conviction; (3) a conviction for Driving Under Revocation/Suspension, Reckless Driving, and Operating an Uninsured Vehicle; (4) a charge of contempt of court for failure to appear; (5) failure to submit timely monthly supervision reports; and (6) another failure to timely notify the Probation Officer of his arrest. See Addenda filed July 8, 2011; Nov. 29, 2011; March, 30, 2012; May 9, 2012; July 9, 2012.

After numerous continuances on the Petitioner's motion, the court held a SRV hearing on August 3, 2012, at which the Petitioner was represented by his retained counsel, Richard Doummar.[4] The court reviewed the dates of the Petition and

---

[3] The Possession with the Intent to Distribute Cocaine charge was initially nolle prossed in Portsmouth General District Court on November 3, 2011, immediately after which the Petitioner was indicted in Portsmouth Circuit Court for the same conduct.
[4] At this time, almost a year later, the felony charge was still pending before the state court. Additionally, the Petitioner's

addenda filed, and the Petitioner, once duly sworn, stipulated to all of the facts and matters contained in the addenda. Hr'g Tr. at 4:3. As discussed further infra at Part III.B., the court heard argument and subsequently sentenced the Petitioner to thirty-six months imprisonment and a renewed twenty-four month term of supervised release. The Petitioner did not appeal this sentence. In December 2012, the Petitioner moved for a reduction of his sentence under 18 U.S.C. § 3582, which the court denied. The Petitioner appealed the denial to the Court of Appeals for the Fourth Circuit, but failed to pursue the appeal, at which time the Fourth Circuit dismissed the appeal.

In the instant Motion, the Petitioner takes no issue with his stipulation to dozens of violations which were before the court at his August, 2012, SRV hearing. The Petitioner contests only the alleged advice his attorney gave him with respect to stipulating to the Class A violation, the Possession with Intent to Distribute Cocaine charge. Mot. at 9 ("I would have . . . stipulated to all grade C violations[.]").

## II. LEGAL STANDARD FOR § 2255 PETITIONS

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction

---

wife, who was charged with the same offense, had already pled guilty to the charge.

to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" if a petitioner shows that the proceedings suffered from "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The prisoner bears the burden of proving one of those grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. ANALYSIS

Petitioner makes essentially one claim for relief, although it is styled as four separate grounds: he alleges he stipulated to the Class A violation due to the erroneous advice of his counsel that he would receive a sentence reduction under § 3582.[5]

---

[5] In the Petitioner's response to Mr. Doummar's affidavit, he frames the ineffective assistance of counsel claim as his counsel's "failure to investigate" whether the Petitioner was

The Petitioner claims he was innocent of the state court charge and was prepared to present witnesses on his behalf, however, Mr. Doummar informed him that stipulation was not an admission of guilt, and assured him the court would grant a motion under § 3582. Mot. at 8-9.

To prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that (1) the attorney's performance was seriously deficient; and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray, 82 F.3d 593, 599 (4th Cir. 1996); see also Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

---

eligible for a sentence reduction under § 3582 prior to the hearing. Resp. at 2.

To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must satisfy both parts of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

As an initial matter, at the SRV hearing, the Petitioner answered affirmatively that he had reviewed the original Petition and the addenda. He was then sworn, and after the court reviewed the dates of the addenda, he stipulated, under oath, to all the facts and the matters therein. Hr'g Tr. at 2:17-2:20; 4:1-4:3 (responding to the court's query, "Do you stipulate to the facts and the matters contained in those addenda," with "Yes, ma'am, I do."). The Petitioner was further given the opportunity to allocute prior to the court pronouncing sentence, at which time he expressed remorse to the court and to his family, and admitted to a substance abuse problem. Hr'g Tr. at 8:6-8:13. At no time did he raise the claims presented in the

8

instant Motion, or otherwise express dissatisfaction with Mr. Doummar's representation. Accordingly, at the hearing, the Petitioner knowingly and voluntarily admitted the allegations against him, and waived his right to a full revocation hearing. See United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005) ("It is clear from the totality of the circumstances presented in the record that [the defendant] understood the allegations against her, that she knowingly and voluntarily admitted to the alleged violations, and that she knowingly and voluntarily waived her right to a full revocation hearing.").

## A. Deficient Performance

The crux of the Petitioner's argument is that he would not have stipulated to the Class A violation, but for the advice of his counsel to do so. The Petitioner's Motion alleges both that Mr. Doummar intended to move for § 3582 relief at the hearing, and that he "reassured [the Petitioner] that [he] would receive a reduction under 3582(c)(2) immediately following [his] revocation hearing." Mot. at 5-6. The Petitioner claims he told counsel he had "never received relief for the amended guidelines on crack cocaine" and that his counsel later informed him he had served a little over thirty-seven months more on his initial term of imprisonment than he should have under the revised crack cocaine guidelines. Aff. Supp. Pet.'s Resp. at 1. He claims that

had he known that relief under § 3582 was unavailable as a matter of law, he would not have stipulated to the state charge of Possession with the Intent to Distribute Cocaine. Resp. at 2.

Mr. Doummar's affidavit denies that he made "any promises or assurances of a sentence reduction under 18 U.S.C. § 3582," and denies advising the Petitioner "that stipulating to the violations of his supervised release was not an admission of guilt." Aff. at 1.[6] Mr. Doummar further avers that he "did not instruct Mr. Lunceford to stipulate to [the Class A] violation of supervised release," and that it "was [the Petitioner's] decision after full discussion." Id. Mr. Doummar states that (1) these discussions occurred with input from Warren Kozak, the Petitioner's state-appointed counsel for the drug charge; (2) that the Petitioner had no defense to the state court charges;

---

[6] To the extent that the Petitioner conflates this court's finding of a violation of supervised release with guilt on the state court charge, the court notes that Mr. Doummar would have been correct to advise the Petitioner that an admission of guilt on the violation was not an admission of guilt for the purposes of his criminal trial in state court. The United States need only have proved the offense occurred by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3); United States v. Copley, 978 F.3d 829, 831 (4th Cir. 1992); whereas, the state would have been required to prove guilt beyond a reasonable doubt. Moreover, the state actually nolle prossed the drug charge on August 9, 2012. Additionally, there is no merit to the Petitioner's claim that the state's dismissal of the charges indicates his innocence of the crime. There are numerous independent reasons why the state may have declined to take the case to trial. See United States v. Yancey, 100 F. Supp. 2d 378, 381 n.4 (E.D. Va. 2000).

and (3) that the United States Attorney was prepared at the SRV hearing to present testimony and evidence to support the drug charge. Id. It was within this context that Mr. Doummar discussed stipulating to the drug charge with his client, advising that it would be better for the Petitioner "if he accepted responsibility for what he had done." Id.

Indeed, at the SRV hearing, Mr. Doummar did argue that because the Petitioner took responsibility for the violations, and because on his initial term of imprisonment he did not get the "changed-in-the-law reduction," the Petitioner served approximately forty additional months on his original conviction. Hr'g Tr. at 6:20-7:6. Although this argument did not prevail in light of the laundry-list of violations before the court,[7] Mr. Doummar's tactic at sentencing is well within the scope of reasonable professional conduct. See Strickland, 466 U.S. at 688-89. He made a strategic choice after investigating with the Probation Officer the term of imprisonment the Petitioner served and the revised crack-cocaine guidelines, to argue at sentencing that this factor should be taken into account. Aff. Supp. Pet.'s Resp. at 1; Strickland, 466 U.S. at 690-91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

---

[7] See supra at 3-4.

unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.").[8] Thus, Mr. Doummar's conduct in this respect was "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

### B. Prejudice

With respect to the Petitioner's alternative argument that he stipulated to the drug charge because he was promised future relief under § 3582, at a threshold level, the Petitioner's motion was considered by the court. The court denied the motion, not due to Mr. Doummar's improper conduct, but because the Sentencing Commission "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." Order, Jan. 1, 2013 (quoting U.S.S.G. § 1B1.10 cmt n.5). Moreover, even if Mr. Doummar had promised the Petitioner

---

[8] In the Petitioner's response to Mr. Doummar's affidavit, he claims his counsel's argument to the court shows "that counsel's advice was erroneous and that counsel defense had no legal standard to afford such relief to the Defendant." Pet. Resp. at 2. However, the Petitioner confuses Mr. Doummar's valid argument that the court should take into account the crack-cocaine disparity with the availability of relief under a formal 18 U.S.C. § 3582 motion. As discussed infra at Part III.B., the court considered Mr. Doummar's argument, but ultimately determined that a barely sufficient sentence on the violations was a thirty-six month term of imprisonment, noting that the Petitioner faced up to sixty months incarceration on the violations.

he was entitled to future relief, the Petitioner cannot meet the second prong of an ineffective assistance of counsel claim by "demonstrat[ing] that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

The Petitioner alleges he was innocent of the state drug charge and that had he not stipulated to it, his guideline sentence range would have been five to eleven months, rather than thirty to thirty-seven months; however, the Petitioner fails to acknowledge that the United States was prepared to meet its burden of calling witness and submitting evidence to support the violation. Furthermore, as discussed supra at Part III.A., the United States' burden of proof at the hearing was only a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3).

Additionally, any guideline sentence range was only advisory, and even if the United States had not prevailed on the violation, the Petitioner was still facing a statutory maximum term of imprisonment of sixty months, and the court was inclined to impose that sentence, given the severity of the numerous violations in the addenda, and the fact that the court had already held in abeyance disposition on a slew of other

13

violations in the original Petition. Id.; Hr'g Tr. at 9:18-11:10 ("[T]he maximum sentence here is sixty months . . . I was frankly going to just say 60 months for Mr. Lunceford, and no more is the court going to spend time in regard to him."). The court thoroughly considered the factors under 18 U.S.C. § 3553, and sentenced the Petitioner to thirty-six months, with great concern that the sentence was not sufficient. Hr'g Tr. at 11:17-11:23. In so sentencing the Petitioner to thirty-six months, the court emphasized the Petitioner's multiple Driving While Under the Influence of Alcohol convictions, the need to deter this conduct and protect the public from the Petitioner, as well as the fact that the Petitioner's conduct on supervised release showed no respect for the law. Id. at 10:7-10:24. Given the laundry list of violations of supervised release before the court, the results of the proceeding would not have differed if the Petitioner had contested the Class A violation, see Strickland, 466 U.S. at 694; thus, the Petitioner was not prejudiced, even if Mr. Doummar had advised him he had a meritorious § 3582 claim.[9]

---

[9] Moreover, the court noted at the SRV hearing, in response to Mr. Doummar's argument that the Petitioner served approximately forty additional months on his initial conviction, that the Rule 35 reduction the Petitioner received was also discretionary, and that it is rare for the court to provide retroactive relief because it must consider all the factors under 18 U.S.C § 3553. Hr'g Tr. at 14:8-14:24. The bottom line is that under the

## IV. <u>Conclusion</u>

For the reasons stated herein, the Petitioner has failed to demonstrate that Mr. Doummar's performance was deficient, and that, even if counsel's performance was deficient, that the Petitioner suffered any prejudice. Accordingly, the Petitioner's Motion is **DENIED**. The Petitioner is **ADVISED** that he may appeal from this Final Memorandum Order by forwarding a written notice of appeal, within sixty (60) days of this Final Memorandum Order, to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia 23510. For the reasons stated herein the court declines to issue a certificate of appealability. The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner; to Richard Doummar; and to the United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

October 22, 2013

---

factors of 18 U.S.C § 3553, the Petitioner's sentence would remain at thirty-six months, despite any misadvice the Petitioner claims to have received from Mr. Doummar. Therefore, the Petitioner has suffered no prejudice.